UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:22-cr-00 |
| | ) |
| CHRISTINA Q. SHEA | ) |

## INFORMATION

The United States Attorney charges:

*General Allegations*

At all times relevant to this Information:

1. The defendant,

**CHRISTINA Q. SHEA,**

resided at a home in Saco, Maine (the "Property"), which she jointly owned with her husband ("Spouse").

2. On about November 7, 2017, as a result of the defendant's failure to make required payments of amounts owed on the Property, a Judgment of Foreclosure and Sale was entered in favor of a mortgage lender with a secured interest in the Property (the "Mortgage Lender") in Maine District Court Docket Number BIDDC-RE-16-128. The Judgment of Foreclosure and Sale ordered that if the defendant and her Spouse failed to pay the Mortgage Lender its total claim due within the applicable 90-day redemption period, that the Mortgage Lender was entitled to sell the Property and disburse the proceeds of the sale to itself in first priority. The defendant and her Spouse did not pay the total claim due and redeem the mortgage. Their rights to possession of the Property terminated, thereby permitting the Mortgage Lender to arrange for the sale of the Property and pursue collection of the amounts it was owed.

3. Federal courts have exclusive jurisdiction of bankruptcy cases. By federal statute

and District of Maine Local Rule, all bankruptcy cases in Maine are referred to the U.S. Bankruptcy Court for the District of Maine (the "Bankruptcy Court"). The Bankruptcy Court relevant to this matter is located in Portland, Maine.

4. The filing of a bankruptcy proceeding in Bankruptcy Court triggers an "automatic stay" pursuant to Title 11, United States Code, Section 362. The automatic stay is a statutory injunction prohibiting creditors and other third parties from continuing or beginning to take legal action against a debtor or a debtor's property.

5. From about March 2018 through about April 2020, the defendant filed four separate bankruptcy petitions in Bankruptcy Court in her own name for the purpose of invoking the automatic stay and preventing the sale of the Property and her eviction from the same:

   a. Chapter 13 Case No. 18-20159, filed by counsel on about March 29, 2018. On about September 28, 2018, by and through counsel, the defendant moved to dismiss her own case, stating that she had "filed her Chapter 13 case primarily to pursue a mortgage loan modification" but that "[n]o modification has come to fruition and the allowance of attorney fees as an administrative expense render[ed] the case infeasible." (Doc. 64) The Bankruptcy Court entered an order dismissing Case No. 18-20159 on October 1, 2018. (Doc. 66)

   b. Chapter 13 Case No. 19-20165, filed *pro se* on about April 9, 2019. The Bankruptcy Court entered an order dismissing Case No. 19-20165 on about July 16, 2019, based on the Chapter 13 Trustee's motion. (Docs. 16, 21 & 24)

   c. Chapter 13 Case No. 19-20563, filed *pro se* on about November 1, 2019. The Bankruptcy Court entered an order dismissing Case No. 19-20563 on about January 15, 2020, based on the Chapter 13 Trustee's motion. (Docs. 12 & 16) The Bankruptcy Court ordered Case No. 19-20563 dismissed "with prejudice" and specifically prohibited the defendant from filing any proceedings in the Bankruptcy Court for a period of one year following its order. (Doc. 16)

   d. Chapter 13 Case No. 20-20141, filed *pro se* on about April 21, 2020. On about April 22, 2020, the Bankruptcy Court entered an order dismissing Case No. 20-20141 on the grounds that the defendant had been "barred from filing until January 15, 2021 by order of this Court issued on January 15, 2020 in Case 19-20563." (Doc. 3)

## COUNT ONE
Bankruptcy Fraud
(18 U.S.C. § 157)

*Scheme to Defraud*

6. Paragraphs 1-5 of this Information are incorporated by reference as if fully set forth herein.

7. From about April 24, 2020 through about May 8, 2020, in the District of Maine, the defendant,

**CHRISTINA Q. SHEA,**

devised and intended to devise a scheme and artifice to defraud the Mortgage Lender. For the purpose of executing and concealing such scheme and artifice and attempting to do so, the defendant used her Spouse's name and other identifying information to file a materially false and fraudulent petition under Title 11 of the United States Code in the Bankruptcy Court, identified as Chapter 13 Case No. 20-20152, and filed materially false and fraudulent documents in the same proceeding using her Spouse's name and other identifying information.

*Manner and Means*

8. Paragraphs 1-7 of this Information are incorporated by reference as if fully set forth herein.

9. It was part of the scheme and artifice to defraud that the defendant, knowing she was specifically prohibited by the Bankruptcy Court from filing a bankruptcy proceeding in her own name until January 15, 2021, falsely and fraudulently filed Chapter 13 Case No. 20-20152 in her Spouse's name and without her Spouse's authorization and permission. Such fraudulent petition filed by the defendant in Chapter 13 Case No. 20-20152 was made for the purposes of executing and concealing the defendant's scheme and artifice to defraud and attempting to do so,

namely, in order to prevent the sale and collection efforts of the Mortgage Lender concerning the Property by and through operation of the automatic stay.

10.     Specifically, on about the following dates, in York and Cumberland Counties within the District of Maine, the defendant committed the following acts, each of which constituted an execution of the fraudulent scheme and artifice by and through the defendant causing the below filings to be made in Chapter 13 Case No. 20-20152:

| Date | Doc. | Materially False and Fraudulent Filing |
|---|---|---|
| 04/24/20 | 1 | Chapter 13 Voluntary Petition (Petition) – misuse of Spouse name, SSN, and employment information; forged Spouse signatures; listing of fake Gmail account in Spouse name. |
| 04/24/20 | 2 | Chapter 13 Plan (Document) – misuse of Spouse name; forged Spouse signature. |
| 05/04/20 | 7 | Schedule A/B: Property (Document) – misuse of Spouse name; forged Spouse signature. |
| 05/04/20 | 8 | Certification of Creditor Matrix (Document) – misuse of Spouse name; forged Spouse signature. |
| 05/04/20 | 9 | Certificate of Counseling (Document) – misuse of Spouse name. |
| 05/04/20 | 10 | Chapter 13 Plan (Document) – misuse of Spouse name; forged Spouse signature. |
| 05/08/20 | 13 | Chapter 13 Plan (Document) – misuse of Spouse name; forged Spouse signature. |

The defendant's filing of the false and fraudulent petition and her filings of the false and fraudulent documents were material, in that such filings had a natural tendency to influence, or were capable of influencing, the acts of the Mortgage Lender by staying its sale and collection activities with respect to the Property.

Thus, the defendant violated Title 18, United States Code, Section 157.

Dated: August 31, 2022

*/s/ Andrew K. Lizotte*
ANDREW K. LIZOTTE
Assistant United States Attorney